James H. Billingsley
State Bar No. 00787084
Caitlin J. Morgan
State Bar No. 24074757
POLSINELLI PC
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
jbillingsley@polsinelli.com
cmorgan@polsinelli.com

**ATTORNEYS FOR DEFENDANTS**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SENIOR CARE CENTERS, LLC** | § | **Case No. 18-33967 (BJH)** |
| | § | |
| **Debtors** | § | |

| | | |
|---|---|---|
| **TXMS REAL ESTATE INVESTMENTS, INC.,** | § § § § | |
| **Plaintiff,** | § | |
| | § | **Adversary No. 20-_____** |
| vs. | § § | |
| **SENIOR CARE CENTERS, LLC, and ABRI HEALTH SERVICES, LLC** | § § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL

Senior Care Centers, LLC ("SCC") and ABRI Health Services, LLC ("AHS" and collectively with SCC, the "Defendants") file this Notice of Removal and thereby remove this action from the 95th Judicial District Court in Dallas County, Texas to the

United States Bankruptcy Court for the Northern District of Texas pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

**Basis for Removal**

1. Plaintiff TXMS Real Estate Investments, Inc. ("Plaintiff") commenced a civil action in the 95th Judicial District Court, Dallas County, Texas, by filing its Original Petition on or about April 13, 2020, captioned *TXMS Real Estate Investments, Inc. v. Senior Care Centers, LLC and ABRI Health Services, LLC*, Cause No. DC-20-05578 (the "State Court Action"). A copy of Plaintiff's Original Petition along with a copy of the docket and all process and pleadings in the State Court Action is attached as Exhibit 1.

2. Plaintiff's claims in the State Court Action are related to a real property master lease that consists of (a) Second Amended and Restated Master Lease Agreement, dated August 27, 2013, (b) First Amendment to the Second Amended and Restated Master Lease Agreement, dated July 11, 2014, (c) Second Amendment to the Second Amended and Restated Master Lease Agreement, dated November 12, 2015, and (d) Third Amendment to the Second Amended and Restated Master Lease Agreement, dated March 20, 2020 (collectively, the "Master Lease").

3. Pursuant to the Master Lease, Plaintiff is the lessor of eleven skilled nursing facilities in Texas. SCC is the lessee.

4. On December 4, 2018, SCC and certain affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States

2

Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Cases") [Dkt. # 1].

5.      On July 2, 2019, the Debtors filed their Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Unexpired Real Property Leases, (II) Establishing and Authorizing the Debtors to Pay Any Attendant Cure Amounts, or Such Other Amounts as Agreed, and (III) Granting Certain Related Relief (the "Assumption Motion") to assume leases for skilled nursing facilities, including those that are subject to the Master Lease [Dkt. # 1479]. The Court granted the Assumption Motion on October 4, 2019, authorizing the Debtors to assume certain real property leases and pay related cure amounts [Dkt. # 1983]. The Assumption Order included leases and cure amounts under the Master Lease.

6.      On October 16, 2019, the Debtors filed their Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. # 2053]. On October 25, 2019, the Debtors filed a Notice of Filing of Solicitation Version of Disclosure Statement for the Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. # 2094] and its Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") [Dkt. # 2094-1].

7.      Under the Plan, the Debtor's existing equity interests would be retired, cancelled, extinguished and/or discharged and new equity would be issued to the Unsecured Creditor Trust ("Trust") which would ultimately receive 80% of the equity in SCC. The Trust's equity interests were received through AHS.

8. The Plan was confirmed on December 13, 2019 [Dkt. # 2376].

9. Pursuant to the confirmed Plan, the Debtors issued new common stock (in accordance with the confirmation order) to AHS, which became the parent of the Debtors.

10. AHS has also agreed to be a co-obligor and co-lessee under the Master Lease.

11. AHS has had discussions with a third party regarding a sale of the equity in SCC and other assets held by the Trust. But no agreement regarding a sale of the equity in SCC and other assets held by the Trust has been reached.

12. Plaintiff seeks an injunction prohibiting a sale of the equity in SCC and seeks declaratory relief related to the provision of the Master Lease that requires certain conditions for a change in control.

13. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 because it arises under title 11 or arises in or is related to the Bankruptcy Cases. The Master Lease was assumed in the Bankruptcy Cases pursuant to the Assumption Order and the Debtors' confirmed Plan. Moreover, AHS was specifically created in order to effectuate the confirmed Plan, and any adjudication related to its ability to sell the equity in SCC necessarily impacts the confirmed Plan.

14. Moreover, and through the Plan, this Court retained jurisdiction over "any suit brought" on account of any Claim or Cause of Action against the Debtors "in connection with or arising out of the administration of, or otherwise related to, the

Chapter 11 Cases; the negotiation and pursuit of the Plan . . . and all related agreements, instruments, and other documents." [Dkt. # 2094-1 Article VIII.B.]. The plan injunction was "authorized, approved, and binding on all Persons and Entities described therein." [Dkt. # 2376 ¶ 60]. Therefore, this Court has retained jurisdiction over Plaintiff's claims because they are related to the Bankruptcy Cases and the Plan.

15.     This is a core proceeding under 28 U.S.C. Section 157(b)(2).

16.     As permitted by Federal Rule of Bankruptcy Procedure 9027, this Notice of Removal is being filed within 30 days after Defendants received a copy of the Original Petition.

17.     Plaintiff has been served with a copy of this Notice of Removal.

18.     A copy of this Notice of Removal has been filed in the 92nd Judicial District Court, Dallas County, Texas.

19.     SCC and AHS consent to the entry of final orders or judgments by the Bankruptcy Court in this case.

## Request for Relief

WHEREFORE, pursuant to 28 U.S.C. §1452 and Federal Rule of Bankruptcy Procedure 9027, Defendants hereby remove this case from the 92nd Judicial District in the District Court, Dallas County, Texas to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

Dated: May 15, 2020

Respectfully submitted,

Polsinelli, PC

*/s/ James H. Billingsley*
James H. Billingsley
State Bar No. 00787084
jbillingsley@polsinelli.com
Caitlin J. Morgan
State Bar No. 24074757
cmorgan@polsinelli.com

2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile:  (214) 397-0033

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was electronically filed on May 15, 2020 with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Texas, using the electronic filing system, and that a copy has been served upon all counsel of record identified below by service through electronic filing pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7005, and Local Bankruptcy Rule 7005-1.

Leighton Aiken
laiken@fbfk.law
Dana M. Campbell
dcampbell@fbfk.law
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway, Suite 600
Plano, Texas 75093

Counsel for Plaintiff

*/s/ James H. Billingsley*
James H. Billingsley